Argued April 23, affirmed July 16, 1929.

MARY GOODSON *v.* PORTLAND ELECTRIC POWER CO. ET AL.

(279 Pac. 559.)

For appellant there was a brief over the name of *Messrs. Griffith, Peck & Coke,* with an oral argument by *Mr. Cassius R. Peck.*

For respondent there was a brief over the names of *Mr. Irvin Goodman* and *Messrs. Davis & Harris*, with an oral argument by *Mr. Paul R. Harris*.

BELT, J.—This is an action to recover damages for personal injuries sustained by plaintiff, a woman about fifty years of age, while a passenger on a street-car owned and operated by the defendant company. The accident occurred in the City of Portland about 7 o'clock in the morning, on September 13, 1927. The street-car was going east on Washington Street. When it was between 18th and 19th Streets, an automobile, driven by a drunken chauffeur, crashed into it and tore off the front and rear steps. The street-car was brought to a stop. Plaintiff thus described how she was injured:

"After I got on the car we only rode a couple of blocks and there was something bumped the car, and there was another lady and I on the car, and well, it didn't seem that,—you know it just seemed as if something bumped against it, it didn't seem very bad or anything, so we didn't get out of our seats. It was one of those old style cars that has the seat across, you know. * * so we didn't even bother to get up out of our seats, * * ." We knew that something had struck the car, we knew there was a crash, and it didn't seem anything out of the ordinary and we sat there. The men got off and the conductor and motorman both got off, and we waited there for a while, and of course going to work like that I was in a hurry, and the lady got up and walked to the back of the car and she said that the back of the car was pretty badly damaged, and we still thought that the streetcar would go on, and we sat down and just then the conductor came back in the car, and everybody left the car but us two women, and the conductor come back in the car and put his head around the vestibule and he says, 'You ladies now hurry up,

there is a car coming and I will transfer you on to the other car.' That was all that was said. We didn't know there was anything wrong with the front end, and I walked off and I didn't know anything until I woke up in the St. Vincent's Hospital.''

Plaintiff, in response to the question, ''Where did the conductor go after he invited you to get off the car?'' answered, ''The conductor was on the sidewalk, both the motorman and he were on the sidewalk.'' On cross-examination, plaintiff was asked, ''And as you came out of that front door to go down the steps did you look at the bottom step, did you look at the steps as you were going down?'' She answered, ''No, I don't think I did; if I had I would not have tried to get down, no, I know I didn't.''

Verdict and judgment were had for plaintiff in the sum of $2,690.50. Defendant company appeals, assigning as sole error the refusal of the trial court to direct a verdict in its favor.

■■ It is contended by appellant that plaintiff was guilty of contributory negligence as a matter of law. As we view the record, this question was properly submitted to the jury. Assuming that plaintiff knew the rear end of the street-car had been damaged, she did not, according to her testimony, know that the front steps had been torn away. Indeed, she had a right to assume, in the absence of notice to the contrary, that the steps were in a reasonably safe condition: 10 C. J. 1119. Particularly is this true when she was expressly invited by the conductor to alight. The door leading to the front steps was open. Neither the conductor nor the motorman was there to warn passengers to ''watch their step,'' notwithstanding both knew the steps were gone. Reasonable minds might differ as to whether plaintiff under the

circumstances did that which an ordinarily prudent person would not have done. It will be remembered that the plaintiff wore bifocal eyeglasses.

We see no need to restate the law of contributory negligence. Nor do we think a review of kindred cases from other jurisdictions helpful.

The judgment of the lower court is affirmed.

AFFIRMED.

COSHOW, C. J., and BEAN and RAND, JJ., concur.

BROWN, J., not sitting.